IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| JRV Group USA L.P., a Delaware limited partnership, | Case No.: 19-11095 (CSS) |
| Debtor. | |
| JRV Group USA L.P., a Delaware Limited partnership, | |
| Plaintiff, | Adv. Proc. No. 19-50368 (CSS) |
| vs. | |
| R.V. World, Inc. of Nokomis dba Gerzeny's RV World, | |
| Defendants. | |

### DEFENDANT'S ANSWER AND ADDITIONAL DEFENSES

Defendant, R.V. World, Inc. of Nokomis dba Gerzeny's RV World ("Defendant"), answers the Complaint for Turnover of Property of the Estate by JRV Group USA L.P. ("Plaintiff"), and states:

### Background

1. Without knowledge, therefore denied.

2. Admitted that, prior to the Petition Date, Defendant received a document, dated March 8, 2019, entitled "Urgent Notice Regarding Safety Recall" instructing, among other things, not to sell or lease any of the Jeeps in Defendant's possession, custody or control. The cited provisions of the Code of Federal Regulations, C.F.R. §§ 571.3 and 571.16, speak for themselves. Without knowledge as to the remainder, therefore denied.

3. Without knowledge, therefore denied.

4. Without knowledge, therefore denied.

### Jurisdiction and Venue

5. Denied.

6. Denied.

7. Denied.

### The Parties

8. Without knowledge, therefore denied.

9. Admitted.

### General Allegations

10. Denied, except admitted that, prior to the Petition Date, Defendant took possession, custody or control of six Recalled Modified Jeeps with the last six digits of the Vehicle Identification Numbers as follows:

| VIN | Description |
|---|---|
| 901307 | Defcon |
| 898673 | Defcon |
| 912757 | Badlands |
| 926336 | Stryker |
| 874124 | Recon |
| 912750 | Badlands |

11. Denied, except admitted that Defendant did not pay Plaintiff for the Recalled Modified Jeeps 901307Defcon, 898673Defcon, 912757Badlands, and 926336Stryker.

12. Denied, except admitted that Defendant is not the current owner of the Recalled Modified Jeeps 901307Defcon and 898673Defcon which were sold by Defendant to consumers following the date on which they were acquired by Defendant.

13. Denied, except admitted that Defendant is in possession of the Manufacturer's Certificates of Origin for the Recalled Modified Jeeps 912757Badlands, 926336 Stryker, 874124Recon, and 912750Badlands.

14. Admitted.

15. Admitted that Defendant did not forward the proceeds from the sale of the Recalled Modified Jeeps 901307Defcon and 898673Defcon to Plaintiff for the reason that it is under no legal obligation to do so.

16. Denied.

17. Denied, except admitted that Defendant has not turned over the Recalled Modified Jeeps to Plaintiff for the reason that it is under no legal obligation to do so.

18. Denied.

### FIRST CLAIM FOR RELIEF
### (TURNOVER – 11 U.S.C. § 542)

19. Defendant realleges its answers to paragraphs 1 through 18 above and incorporates them herein by reference as an answer to paragraph 19.

20. Denied, except admitted that Defendant is in possession, custody or control of the Recalled Modified Jeeps 898673Defcon, 912757Badlands, 926336Stryker, 874124Recon, and 912750Badlands.

21. Denied.

22. Denied.

23. Denied, except admitted that Defendant has not turned over the Recalled Modified Jeeps 898673Defcon, 912757Badlands, 926336Stryker, 874124Recon, and 912750Badlands to Plaintiff for the reason that it is under no legal obligation to do so.

24. Denied, except admitted that Defendant is in possession, custody or control of the proceeds from the sale of the Recalled Modified Jeeps 901307Defcon and 898673Defcon.

25. Denied.

26. Denied.

## SECOND CLAIM FOR RELIEF
## (VIOLATION OF THE AUTOMATIC STAY – 11 U.S.C. § 362)

27. Defendant realleges its answers to paragraphs 1 through 26 above and incorporates them herein by reference as an answer to paragraph 27.

28. Denied, except admitted that Defendant is continuing to exercise dominion and control over the Recalled Modified Jeeps 898673Defcon, 912757Badlands, 926336Stryker, 874124Recon, and 912750Badlands.

29. Denied.

30. Denied.

## STATEMENT PURSUANT TO FED. R. BANKR. P. 7012(b) & DEL. BANKR. L.R. 7012-1

1. Defendant does not consent to entry of final orders or judgments by this Court.

## ADDITIONAL DEFENSES

1. Any amount Plaintiff may recover on its claims against Defendant are subject to setoff in full against amounts owed by Plaintiff to Defendant, including, without limitation, on account of Defendant's claims set forth in Defendant's Proof of Claim, Claim No. 131, filed in Plaintiff's chapter 11 case, on September 27, 2019, which Proof of Claim is incorporated herein by reference. Specifically, on March 8, 2019, Plaintiff issued the Urgent Notice Regarding Safety Recall regarding Jeep Wrangler Vehicles – American Fastback Edition ("Recall"). Defendant has possession of eighteen Jeeps that are subject to the Recall. Of these eighteen Jeeps, fifteen Jeeps have been paid for, including Recalled Modified Jeeps 874124Recon and

912750Badlands.[1]  Because these Jeeps are subject to the Recall, they cannot be sold.  Defendant has been damaged in the amount of not less than $977,999.00, plus interest, costs and attorney's fees. Plaintiff also owes Defendant $250,310.00 in warranty and rebate payments for the Jeeps, which are subject to the Recall. Further, through August 31, 2019, Defendant has incurred approximately $40,000 in attorney's fees and costs in its attempt to pursue claims against Plaintiff and Erwin Hymer Group North America, Inc.

2. Any damages awarded to Plaintiff in relation to its claims are subject to recoupment in full against amounts owed by Plaintiff to Defendant, including, without limitation, on account of Defendant's claims set forth in Defendant's Proof of Claim, Claim No. 131, filed in Plaintiff's chapter 11 case, on September 27, 2019, which Proof of Claim is incorporated herein by reference.  Defendant also incorporates by reference the additional factual averments in paragraph 1 above of these Additional Defenses.

3. Plaintiff's claims fail in whole or in part because the proceeds from the sale of the Recalled Modified Jeeps 901307Defcon and 898673Defcon are not the "property of the estate." The Dealer Agreement between Defendant and Erwin Hymer Group North America, Inc. ("EHGNA") governing the sale of American Fastbacks and Cliffride, encompassing Recons, Badlands, Defcons and Strykers ("Jeeps") dated October 2, 2018 (the "Dealer Agreement")[2] contains F.O.B. origin terms, i.e., ownership of the Jeeps passes to Defendant upon shipment. Thus, Defendant received ownership rights to the Recalled Modified Jeeps 901307Defcon and 898673Defcon upon shipment.  Plaintiff's claim for payment of the purchase price for the

---

[1] A true and correct copy of proof of Defendant's payment for 874124Recon and 912750Badlands is attached hereto as **Exhibit A** and is incorporated herein by reference.

[2] A true and correct copy of the Dealer Agreement is attached hereto as **Exhibit B** and is incorporated herein by reference.

Recalled Modified Jeeps 901307Defcon and 898673Defcon is contractual, and thus improper for a turnover proceeding. In addition, the Dealer Agreement contains a setoff provision allowing Defendant to off-set outstanding invoices against debt owed by Plaintiff. Defendant holds fifteen Recalled Modified Jeeps, which have been paid for. Because these Jeeps are subject to the Recall, they cannot be sold. Neither Plaintiff nor EHGNA have remedied the Recall. Defendant has been damaged in the amount of not less than $977,999.00, plus interest, costs and attorney's fees. Plaintiff also owes Defendant $250,310.00 in warranty and rebate payments for the Jeeps, which are subject to the Recall. Defendant exercised its offset rights via the demand letter to EHGNA dated January 30, 2019. Finally, on July 26, 2019, Plaintiff entered into the Asset Purchase Agreement agreeing to sell the Recalled Modified Jeeps 901307Defcon and 898673Defcon to Ken Garff Automotive, LLC d/b/a Ken Garff West Valley Dodge Chrysler Jeep Ram, a Utah LLC, for $25,000 each. Thus, to the extent Plaintiff liquidated its damages, its claim for payment of the purchase price for these Jeeps is contractual, and therefore improper for a turnover proceeding.

4. Plaintiff's claims with respect to the Recalled Modified Jeeps 912757Badlands and 926336Stryker fail because these Jeeps are not the "property of the estate." Specifically, the Dealer Agreement between Defendant and EHGNA governing the sale of Jeeps contains F.O.B. origin terms, i.e., ownership of the Jeeps passes to Defendant upon shipment. Thus, Defendant received ownership rights to the Recalled Modified Jeeps 912757Badlands and 926336Stryker upon shipment. In addition, Defendant received executed Manufacturer's Certificates of Origin for these Jeeps conveying ownership of such Jeeps to Defendant.[3] Finally, on July 26, 2019,

---

[3] True and correct copies of the executed Manufacturer's Certificates of Origin for Recalled Modified Jeeps 912757Badlands and 926336Stryker are attached hereto as **Exhibits C1 and C2**, respectively, and are incorporated herein by reference.

Plaintiff entered into the Asset Purchase Agreement agreeing to sell the Recalled Modified Jeeps 912757Badlands and 926336Stryker to Ken Garff Automotive, LLC d/b/a Ken Garff West Valley Dodge Chrysler Jeep Ram, a Utah LLC, for $25,000 each. Thus, to the extent Plaintiff liquidated its damages, its claim for payment of the purchase price for these Jeeps is contractual, and therefore improper for a turnover proceeding.

    **WHEREFORE**, Defendant requests that this Court enter an Order dismissing this action or, in the alternative, judgment in Defendant's favor, plus attorneys' fees and costs of this litigation and such further relief as the Court deems appropriate.

Dated: October 23, 2019
       Wilmington, Delaware

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Matthew B. Harvey*
Robert J. Dehney (No. 3578)
Matthew B. Harvey (No. 5186)
1201 North Market Street, 16th Floor
P.O. Box 1347
Wilmington, DE 19899-1347
(Deliveries 19801)
Telephone: (302) 658-9200
Facsimile: (302) 658-3989
Email: rdehney@mnat.com
       mharvey@mnat.com

Steven D. Hutton (*pro hac vice* pending)
Yuliya V. Swaim (*pro hac vice* pending)
Hutton & Dominko, PLLC
2639 Fruitville Road, Suite 302
Sarasota, Florida 34237
Telephone: (941) 364-9292
Facsimile: (941) 364-9777
Email: sdh@huttondominko.com
       yvs@huttondominko.com